Good morning, may it please the court. My name is Christina Hellman and I represent the petitioner Brian oust I would like to reserve two minutes of my time for a panel The first thing that someone is told in Miranda warnings is that they have the right to remain silent And that's an implicit promise that silence will not be used later to harm them But mr. Aust was convicted in this case in large part because he exercised that right to silence The prosecutor used the silence against him to impeach him in cross-examination which damaged mr Aust's credibility before the jury and the prosecutor urged the jury to infer guilt mr. Aust's silence Our Constitution prohibits a prosecutor from infringing on a defendant's rights in that manner And that's why you do concede that he was Advised that he had a right to remain silent But he didn't remain silent. Did he? Yes, he was advised your honor that he had a right to remain silent. And no, he did not remain completely silent mute in the face of questions, but the answers and responses he gave were equivalent to silence under this court's case law and under the Supreme Court's case law and He did not give any statement regarding the alleged rape that could have permissibly been used to impeach him at trial Did you address the circumstances? This is a? collateral review edpa and the Trial court ruling is based on what was presented to him at the time which was An account of what was said in the course of those of that interview When there was both a videotape and a transcript available Which was not made available to the trial judge as he repeatedly said So why is it that the how can we conclude that the trial judge's rule? was Clearly unreasonable or an unreasonable application There are two rulings on the mistrial your honor The first is when the defense attorney objects and opening statements and that's based on the prosecutor's assertion that mr Aust was given every opportunity. There's a second ruling on a mistrial, which is a renewed motion after the government's Close of the case in chief at which point the prosecutor tells the court that what he plans to elicit is a comment on silence Though both of those comments Prove that the Doyle violation occurred However, should this court conclude that there was not sufficient evidence before the trial court that proves the claim of ineffectiveness That's also before the court in this case because in the face of repeated statements by the court that didn't have enough information Counsel failed to provide that available transcript and that or that available video But our position is first that there was sufficient evidence before the court to grant the mistrial Here's how I'm inclined to see the case as It was in front of the trial judge. The trial judge knows that Mr. Alice remained silent He knows that mr. Alister remained silent after the Miranda warning had been given But as I read what the trial judge is saying is he thinks in order for mr Alister's silence to be protected there's to say to avoid comment on the silence That mr. Alister needed to invoke his Miranda rights clearly By saying something like I invoke my Miranda rights. I want to see my lawyer But that strikes me as just a flat-out error of law on the part of the state trial judge Yes, if he what he wants is a lawyer in the questioning to cease Yes, he's got to invoke that clearly and if he doesn't invoke it clearly any inculpating statement used thereafter I'm afraid it comes in. I understand that but he's just keeping quiet and I think the state trial judge just misunderstood the law if you are going to keep quiet and Protect your rights under Doyle Because Doyle says it's implicit in the Miranda warning that your silence won't be used against you You don't need to see anything. You just need to keep your mouth shut So I think what I don't think that's the state trial judge Needed the transcript at all because the way he the way I read him He thought he needed it to see whether the Miranda right had been invoked by I want to see my lawyer That your honor that's absolutely right And that's a key and critical distinction in this case versus many of the other cases that involve Miranda This is a case about silence This is not a case about statements. The defendant here was not seeking to Exclude statements from trial that he had made by pointing to specific invocations and saying that everything after that should be thrown out We're not focusing on what the cop did in this case. We're focusing on what the prosecutor did which was make the comments So there was sufficient Warning for the the trial court that there was a Doyle violation the idea that he was focused on this issue of voluntariness Which is implicit in his right right you were this is a DEPA and you are Your contention as I understand you is that this K this conduct here violated Doyle That's you're hanging your hat on Doyle, right? Do it Doyle it for him. Yes, your honor. I mean you have to you have to prove a Departure from a Supreme Court decision That's and you're arguing because this is a DEPA and you are saying that you are relying on Doyle Is that right? That's correct. Your honor. Well, then how can you rely on Doyle when the facts of that case? Were that there was he did remain silent That your honor respectfully that's not entirely accurate Okay, the the defendants and Doyle and I have to two answers to that first the defendants and Doyle did make some statements although they were limited one of the defendants and Doyle did make statements and second a petitioner habeas petitioner can win a case when a So Law is clearly established when that principle the Doyle principle can be extended to this case and directly applied to this case without Needing to be tailored or modified or without having to shift somehow fundamentally the progeny of Doyle Seemed to hang their hats on the fact that in Doyle the Defendant did not make a statement Remain silent I'm and I'm talking about, you know, all the three or four cases that followed Anderson and Jenkins Etc You you you are saying that I am Misinterpreting Doyle because it wasn't a remaining silent case Your honor respectfully, I apologize. I'm not saying you're misinterpreting Doyle. I'm saying that the the fact that mr oust made some said some words said I understand in response to questions or said okay, or Responded to certain questions does not take him out of the protections of Doyle because as to the critical L the critical question in this case, which was the issue of the alleged rape. He did remain silent He provided no statements. And so although he did talk that's true Which does is a difference between cases in which defendants completely remain mute and answer no questions The mere fact that he talked does not take him outside of that case Why don't we hear from the state and then you'll have a chance to respond. Thank you Just start by clarifying it's our position that the state trial courts decision was not an unreasonable application of Doyle because what the court found and what occurred in this case was Petitioner was given Miranda warnings. He made But he voluntarily answered questions after being given those Miranda warnings and therefore any omissions in the statements that he made were Fair game for the state to argue at trial So your position is that it's consistent with Doyle to say that as soon as he begins answering questions His silence on other matters can be used against him No, I I think that it is possible to selectively  Subject matter and that's that's Doyle your view of Doyle is that it is possible under Supreme Court case law to Selectively invoke your right to silence My view of Doyle is that it was a case where? The defendant said nothing at all. And so did he not even say did he not even answer a question as what his name was? I Don't think the record indicates whether he answered a question about what his name was, but I think I bet I bet he said I'm sure he said his name But I think the the holding in Doyle and the assumption that the court made in Doyle was that these defendants? Didn't say anything about the substance of what had occurred, but clearly subsequent cases Say that you can selectively invoke So the question is whether he successfully did that correct and and it's our position that in this case he did not That's all I that's I Have real trouble with If you read the transcript He is very very careful not to go into the circumstances It was not an unresponsiveness of willing to flesh out and volunteer and say oh It was consensual sex. He wouldn't talk about and he was I don't know how much more under this kind of question he could have been clear and That's why I focused back on the what the trial judge had before he didn't have the transcript We had the prosecutor characterization of what went on But I find it very difficult to read that transcript and say that this guy wasn't selectively invoking his right to silence and What was done was an inference of guilt from his Supposed failure to come forward with a statement that it was consensual sex when he wouldn't say anything in fact his first statement out of his mouth was I'm willing to talk sort of and then he made clear throughout that he wasn't going to Talk about what happened I Have a couple of responses to that. I think first of all he did talk about What happened over the course of that day with regard to other things? Simply not whether they had engaged in sex consensual or otherwise Set up by her once before He was very What did she what has she done? He doesn't know what the cops know, but he's not going to Because you know this dangerous territory to get into talking about what went on in the room that night And he makes that I think abundantly clear on the right eye. I agree that he was being very careful about what he Would say to the officer as he was trying to get a sense of what it was that that detective Knew about what had gone on you agree. I thought you did you do not agree then that he selectively invoked his Miranda right, I Don't believe that he did because what he said to the detective was I don't know if I should talk about that. I don't know if I should talk about that repeatedly To and so he didn't and and what the state is in the face of his Saying I don't know whether I should talk about that because I'm worried about it They used that to say that he was the jury shouldn't forgive And I don't know what else you can say about You know commenting on somebody's Invocation and the right not to talk about some aspect If that isn't selectively invocation Well, and and certainly, you know if if this court concludes that Because of the record that was before the trial court in this case Which was without the transcript and without the videotape that no deference is owed To that trial court's decision and that this court is going to review DeNovo I think that the issue then turns precisely on whether or not those statements about I don't know if I should talk about this Selectively invoked or not and if this court concludes that they did Then under those circumstances I have to concede that that would then be Doyle error and the question becomes whether that error was Harmless, and it's our position that in this case It was not in light of the evidence that was presented to the jury in this case Oh boy, that's that's a tough road for you because I thought you said it was not You just said it's not I miss you miss my Okay, I thought you were making a complete concession no no no no yeah, I I guess I didn't hear you correctly I heard what you meant to say rather than what you said Yes Well, we're kind of you're kind of between Sill and Kribnitz on this one either the trial judge heard based on the information the trial judge had Says to say, you know, he kept his mouth shut and he kept his mouth shut and that was the end of it And he doesn't doesn't matter whether he invokes Miranda by saying I want to see my lawyer clearly or not because he's just keeping his mouth shut or If the trial judge was right to say well, I want to see the way in which he kept his mouth shut fair enough then as I see because the you know the House lawyer had the transcript and should have handed it over the judge here judge. Look at this He kept his mouth shut every every step of the way. I Think what the trial court understood at least from its ruling was that the defendant had been given Miranda warnings That he made a voluntary statement and was following those Miranda warnings and then at some point Did invoke actually he requested an invocation  Questioning stuff that's what the trial court understood and I think the court's ruling based on that Information was not an unreasonable application of Doyle so if if the trial judge had seen the transcript which We now have all read and the defense attorney had What should the trial judge have done had he seen the transcript Our position would be the same which is that the trial judge in reviewing the transcript would have said That the statements that he made about I don't know if I should talk about this were not a selective Invocation of his right to remain silent and what if we think that the trial judge would have obeyed the law would have obeyed Doyle and the progeny and Our view of Doyle and its progeny is that this was clearly a successful Invocation of the right to remain silent as a certain subjects. I mean here we were Hypothesizing a judge's ruling rather than dealing with an actual ruling and I would prefer to hypothesize that the trial judge would have gotten it right I Think that depends again. I'm deferring to the trial judge. You probably would have got it right if they hate me to have the transcript that gets us back again to whether those statements by the defendant were a selective invocation or not and obviously if this court concludes that they Were I think that that that drives your decision on on both of these claims because they are as you pointed out interconnected Thanks very much response Thank You yours I have just two points to make first the statements were Selective invocations, but they were actually more than that. They were the equivalent of silence. They were not responsive They did not provide a story regarding the alleged rape. They were indications that mr Ost did not want to talk to the officer about that issue and under Doyle and under this courts Subsequent precedent clearly applying the clearly established principles of Doyle that was okay for mr Ost to do and the second point is that it was not harmless error What happened because this was a case about he said she said the evidence was Equivocal it it suggested that they had sex, but that your honor. Did you have a question? Well, I'm not sure that that It's a question of what she said The question here was her appearance She had a bruise on her face. There were striations on her arms that could Indicate that there was duct tape. So I just had a problem You're saying that all it was was he said she said I have a problem with that. All right, your honor Yes, there was physical evidence, but there were competing interpretations of that physical evidence The prosecutor had their experts the defense had their experts. Mr Ost testified and provided explanations that were about some of the evidence that the prosecutor said Suggested his guilt which meant that it was all the more Important for him and his credibility to remain intact and that didn't happen because of the prosecutor's comments. Okay. Thank you. Your honors Thank you. Thank both sides for your arguments in Ost versus Seeley The Next case on the area my count is nice versus States was a rub just to alert everyone We'll take a break at the end of this next argument. So we'll take a break between a robe and King
judges: Aldisert, Fletcher W. , Fisher